Marshall, C. J.
This is an action brought by the heirs at law of Adelcia Bitzer, deceased, to construe her last will, and more especially the residuary clause in said will, which reads as follows: “The residue of my estate I give to The Cleveland Trust Company to be devoted to the needy & poor women.”
Two of the heirs who bring the suit were given a specific legacy of one dollar each, and the other plaintiff was given a legacy of fifty dollars.
*272 It is contended that this residuary clause is invalid, because the beneficiaries are too indefinite, not limited to any locality, no definite class designated from which individuals can be selected, no way provided for their selection; and that the bank is not expressly clothed with discretionary power.
This residuary clause creates a charitable trust. It conforms to the accepted definitions of charitable trusts found in the adjudicated cases. The supreme court of the United States, in the case of Ould v. Washington Hospital for Foundlings, 95 U. S., 303, at page 311, defines a charitable gift as follows: “ ‘Whatever is given for the love of God, or the love of your neighbor, in the catholic and universal sense, — given from these motives and to these ends, free from the stain or taint of every consideration that is personal, private, or selfish.’ The statute of 43d Elizabeth (7 English Statutes at Large, 43) is equally broad in its scope. This residuary clause must be, therefore, construed according to the principles for the construction of charitable trusts. It is unquestioned that the statute of 43d Elizabeth is not in force in Ohio. Under and by virtue of that statute, in England, the utmost liberality was exercised in the establishment and in the administration of charitable trusts. And it is claimed by counsel for plaintiffs in this case that inasmuch as that statute cannot be invoked there is not sufficient liberality of construction of charitable trusts in Ohio to permit the residuary clause above quoted to be considered enforceable.
It was very early decided in Ohio, in the case of Landis & Vaniman, Exrs. of Urmey, v. Wooden et *273 al., 1 Ohio St., 160, speaking of the English statute through Judge Ranney, that: “Many of its principles have been long since incorporated into American jurisprudence, and enforced by the decisions of the highest and most enlightened courts.” In the opinion in that case Judge Ranney discusses several cases with approval, wherein the construction was quite as liberal as that asked for by the defendants in the instant case.
In the case of Miller v. Teachout, 24 Ohio St., 525, Chief Justice Day also refers to the principles of the statute of 43d Elizabeth: “How far the principles of that statute have entered into the jurisprudence of this state, we need not now undertake to determine. It is, however, worthy of remark, that the adjudications of courts of last resort in this country, which do not entirely ignore the principles of the statute, have heretofore been regarded with favor by this court.” Chief Justice Day also refers to several former Ohio decisions, including the celebrated cases of Trustees of McIntire Poor School v. Zanesville Canal & Mfg. Co., 9 Ohio, 203; McIntire’s Admrs. & Zanesville Canal & Mfg. Co. v. City of Zanesville, 17 Ohio St., 352, where a trust which was rather vague in its terms was found to be valid and enforceable.
In the case of Miller v. Teachout, supra, the following bequest was under consideration: “At the death of my wife, it is my will, and I direct that my said executor shall appropriate and use all the residue of my estate for the advancement and benefit of the Christian religion, to be applied in such *274 manner as in his judgment will best promote the object named.” It is difficult to conceive of a broader benefaction than this, and yet it was upheld.
In the case of Sowers v. Cyrenius, 39 Ohio St., 29, the following clause was under consideration: “At the decease of my wife Esther, I give and bequeath all my estate, real and personal, for the preaching of the gospel of the blessed Son of God, as taught by the people known now as Disciples of Christ. The preaching to be well and faithfully done in Lorain county in Birmingham, and at Berlin in Erie county, Ohio, and I nominate and appoint John Cyrenius, Silas Wood and Samuel Steadman, executors of this item of my last will and testament and I request them to do the business without remuneration.”
This clause was also upheld in all its features. In the opinion it is stated that it is no objection to the validity of the trust that the individuals to be benefited by it are not designated in the will, for this indefiniteness is a necessary characteristic of charitable trusts.- Concerning the powers of the executors to act as trustees, it is stated at page 36: “There is nothing in the language of the will to indicate that the power given to the first trustees is a personal trust and confidence, that cannot be exercised by others, and there is nothing in the nature of the trust to prevent its execution, in accordance with the intention of the testator, as well by trustees appointed by the court as by those named in the will.”
This court has again approved a very broad benefaction in the case of Edgerton, Admr., v. Hunt, Trustee, 75 Ohio St., 594. This case was reported *275 without opinion, but the facts are easily ascertained by reference to the decision of the circuit court reported in Hunt, Trustee, v. Edgerton, 9 C. C., N. S., 353. In that case the fund was to “be applied by my trustee to the education of colored children, by which I mean, in whole or in part of negro blood.” Nothing was said about locality, or about the selection of the beneficiaries, or giving discretion to the trustees for that purpose, and yet it was declared to be a valid trust.
Other cases decided by this court indicating the liberality in the construction of such instruments are: Mannix, Assignee, v. Purcell, 46 Ohio St., 102, and Winder et al., Exrs., v. Scholey et al., Trustees, 83 Ohio St., 204.
In the leading case in the United States, on the subject of charitable testamentary gifts, Vidal v. Girard’s Exrs., 2 Howard, 127, we find that a large bequest was made to the “Mayor, Aldermen, and Citizens of Philadelphia,” subject to certain charitable uses. The question was presented as to the power of the corporation under its charter to take title to real and personal property and to execute such a trust. From the syllabus in that case we quote the following: “If the trust be repugnant to, or inconsistent with, the proper purpose for which the corporation was created, it may not be compellable to execute it, but the trust (if otherwise unexceptionable) will not be void, and a court of equity will appoint a new trustee to enforce and perfect the objects of the trust.”
In all adjudicated cases of great importance, there has been a discussion as to whether the statute *276 of 43d Elizabeth is in force in that particular jurisdiction, and in all such cases, where the statute is concededly not in force, counsel for the parties seeking to have the charitable trust declared invalid have all along the line contended that except for the application of that statute there could be no great liberality of construction as to the purposes of such trust, or as to the means of its enforcement; but in the large majority of cases, and indeed in nearly all cases where the standing of the courts has been such as to entitle their opinions to be given great weight as authorities, such contentions have been answered to the effect that even though the English statute is not in force there is nevertheless inherent jurisdiction in equity in cases of charity; that in the application of equitable principles in cases of charity the powers of the chancellor are almost as broad as the powers conferred upon the courts by the English statute; and that charity is one of those objects for which courts of equity have since the earliest times applied the principles of equity to make good those gifts which at law might be technically illegal or informal.
It has further been repeatedly pointed out in the leading cases on this subject that the principles of equity were applied in the chancery courts of England independently of and previous to the enactment of the statute of 43d Elizabeth; that that statute only created a new jurisdiction, but created no new law. A study of the English cases shows that prior to the 43d year of the reign of Elizabeth, charities of an uncertain and indefinite nature, and charities where no trustees had been appointed to *277 execute them, or where the trustees were not competent to take, were nevertheless administered under the direction of the court.
There are no statutory requirements in Ohio on this subject, and wills containing charitable gifts have always been construed and their provisions executed according to equitable principles found in the common law. If the will in the instant case is to be construed according to common-law principles of equity, it matters not whether we follow the English cases, or the rules laid down by the federal courts, or the courts of a great majority of the states of the Union, or whether, on the other hand, we confine our research to the decisions of the supreme court of Ohio. All such authorities evince a disposition to be liberal in the construction of such gifts and to hold them valid and enforceable if they are possible of execution, and to declare only those invalid and unenforceable which are impossible of execution.
Applying these principles to the instant case, we find nothing in this record to indicate that The Cleveland Trust Company is not authorized to administer such a trust. But if it shall at any later date be found that it is lacking in authority, the matter can be taken care of by the probate court by the appointment of a new trustee.
Again, if The Cleveland Trust Company, or any succeeding trustee, shall at any timé be in doubt as to the manner of selecting beneficiaries, application can be made to a court of equity to obtain a proper construction of the will and a definition of its power of selection.
*278 The specific objection made by counsel to the bequest in, the instant case is that the beneficiaries are not limited to any locality. The cases, however, relied upon by counsel, do not sustain their contentions, but on the contrary are strong authorities the other way.
It is further incidentally argued that there is no way provided by which the individual beneficiaries may be selected. It is true that the will does not expressly confer any such power of selection upon The Cleveland Trust Company. ■ But under the Ohio authorities above cited this authority may be inferred and the trustee may exercise discretion subject under all circumstances to such supervision and control as may be properly exercised by the probate courts and courts of equity.
The judgment of the court of appeals will therefore be affirmed.

Judgment affirmed.

Johnson, Wanamaker, Jones and Matthias, JJ-, concur.